IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-345-D

| | |
|---|---|
| YVONNE LEWIS HOLLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF ADMINISTRATION, STATE OF ) | |
| NORTH CAROLINA, ) | |
| ) | |
| Defendant. ) | |

Yvonne Lewis Holley's ("Holley" or "plaintiff") amended complaint includes five claims against the North Carolina Department of Administration, State of North Carolina ("NCDOA" or "defendant") [D.E.17]. In count one, Holley alleges that NCDOA failed to promote her due to her race and thereby violated Title VII. Id. ¶¶ 38–43. In count two, Holley alleges that NCDOA failed to promote her due to her gender and thereby violated Title VII. Id. ¶¶ 44–50. In count three, Holley alleges that NCDOA retaliated against her due to her complaints about her non-promotion and thereby violated Title VII. Id. ¶¶ 51–55. In count four, Holley alleges that NCDOA failed to promote her due to her race and thereby violated 42 U.S.C. § 1981. Id. ¶¶ 56–62. In count five, Holley alleges that NCDOA retaliated against her for complaining about her non-promotion and thereby violated 42 U.S.C. § 1981. Id. ¶¶ 63–67. Holley seeks back pay, compensatory damages, punitive damages, and injunctive relief. Id. ¶¶ I–II (prayer for relief). NCDOA has filed a motion to dismiss a portion of Holley's amended complaint [D.E. 18].

First, NCDOA moves to dismiss Holley's Title VII retaliation claim in count three because plaintiff failed to exhaust her administrative remedies. Def.'s Mem. Supp. 4–7. The court has reviewed the record, including the attachments to defendant's memorandum of law in support of its motion to dismiss [D.E. 19]. Holley alleges that NCDOA retaliated against her after she complained

about the alleged discriminating non-promotion. See Am. Compl. ¶¶ 37, 51–55. Holley's Title VII retaliation claim is reasonably related to her original EEOC charge, and the court has jurisdiction to consider it. See, e.g., Jones v. Calvert Group, Ltd., 551 F.3d 297, 301–04 (4th Cir. 2009); Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992). Thus, NCDOA's motion to dismiss count three is denied.

Next, NCDOA moves to dismiss plaintiff's section 1981 claims in counts four and five based on the Eleventh Amendment. Def.'s Mem. Supp. 7–8. NCDOA is an arm of the State of North Carolina, and any damages awarded under 42 U.S.C. § 1981 would be paid from the state treasury. See N.C. Gen. Stat. §§ 143-334–345.18; Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429–31 (1997); Huang v. Bd. of Governors of Univ. of N.C., 902 F.2d 1134, 1138 (4th Cir. 1990); accord Pittman v. Or., Employment Dep't, 509 F.3d 1065, 1073–74 (9th Cir. 2007). Moreover, NCDOA has not waived its Eleventh Amendment protection. Cf. N.C. Gen. Stat. § 143-300.35. Thus, NCDOA's motion to dismiss counts four and five is granted.

Finally, NCDOA moves to dismiss plaintiff's request for punitive damages under Title VII. Def.'s Mem. Supp. 8–9. Holley cannot recover punitive damages from NCDOA under Title VII because defendant is a "government" or "government agency" within the meaning of 42 U.S.C. § 1981a(b)(1). See, e.g., Googerdy v. N.C. Agric. & Technical State Univ., 386 F. Supp. 2d 618, 624–25 (M.D.N.C. 2005). Thus, NCDOA's motion to dismiss Holley's request for punitive damages under Title VII is granted.

In sum, defendant's motion to dismiss plaintiff's amended complaint [D.E. 18] is GRANTED in part and DENIED in part. Defendant's motion to dismiss plaintiff's Title VII retaliation claim in count three is DENIED. Defendant's motion to dismiss plaintiff's 42 U.S.C. § 1981 claims in counts four and five is GRANTED. Defendant's motion to dismiss plaintiff's request for punitive damages under Title VII is GRANTED.

SO ORDERED. This 8 day of June 2010.

JAMES C. DEVER III
United States District Judge

3